OF THE

# STATE OF ARKANSAS,

AT THE

MAY TERM, 1884.

*(Continued from Volume 42.)*

---

## CASON v. BONE, ET AL.

43   17
73   186

1. EXEMPTION: *None for tort. &c.*
   A debtor's property is not exempt from execution for a tort, nor for the purchase price of the property.

2. JUSTICE OF THE PEACE: *Liability for official acts.*
   Neither a justice of the peace nor any other person having judicial powers is liable for his official acts.

3. EXEMPTION: *Remedy of claimant of: Waiver of exemption.*
   The remedy of an execution debtor, when a justice of the peace refuses a supersedeas upon the filing of his schedule, is by appeal to the circuit court; and a failure to appeal is a waiver of his exemption.

APPEAL from *Independence* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

2——43

*H. S. Coleman* for appellant.

For appellant we submit that the right to hold the property, claimed by him in his schedule, was guaranteed to him by the Constitution and laws of the State, and of which he could not be lawfully deprived. This right was judicially determined by the Independence Circuit Court in granting the mandamus, by which the Justice was compelled to discharge the duty required of him by law.

No particular form for notice and schedule is prescribed by our statutes. Hence none was necessary. *See Freeman on Executions, Section* 213.

The Court clearly erred in giving instruction number 3 asked for by defendant, Bone, and objected to by plaintiff.

If this instruction is good law, a demurrer should have been interposed and sustained, to plaintiff's complaint, for his whole cause of action was based upon the fact that no *supersedeas* was issued, and that thereby the defendant was enabled to commit the wrong and injury complained of. *See Fain v. Goodwin,* 35 *Ark., Page* 109.

It certainly is a novel proposition, to say the least of it, that it is *too late* to recover damages for a wrong done, *after* the wrong has been committed!

Cason had done *all* that was required of him by the law, in order to protect his rights and exempt his property from sale, and having done *his* part he certainly had a right to expect that the appellees would obey the laws and respect his rights, and when they refused to do this he very properly pursued the *only* remedy left him, viz : mandamus, to compel the officer to issue the supersedeas. *See Fry, Collector, v. Reynolds,* 33 *Ark.,* 450; *Smith v. Ragsdale* 36 *Ark.,* 297.

The principle laid down in Greenwood & Son v. Maddox & Toms, 27th Ark., 660, that injunction could be ob-

tained to stay the sale until his homestead right could be ascertained and established, cannot be applied to this case. *There* the party owned no separate parcel of land, and no homestead could be set apart to him until after partition. *Here* was specific property owned in severalty, selected valued and claimed, and no judgment or order of court was necessary.

An action for damages will lie for the sale of exempt property, to the same extent as if the property of a stranger to the writ had been sold, and *all* parties who participate, direct or encourage the sale are liable as trespassers. *See Freeman on Executions, Sec.* 272-3 ; *Thompson on Homestead and Exemptions, Sec.* 877, *and the various authorities therein cited.*

When the Court gave instruction " 3 " the plaintiff declined to further prosecute his action, well knowing that the jury, under that instruction, was bound to render a verdict in favor of defendants, and for that reason he did not object to the instructions numbered 4–5 asked for by defendant, Peete. We submit however that such is not the law; that the defendant, Peete in regard to the Schedule was only a ministerial officer required by law to perform certain duties, and when he refused to perform those duties, he did so at his peril, and should be held liable for any damages his refusal to act may have inflicted on the appellant, without regard to his motives.

Sheriffs, Clerks and other ministerial officers have always been held liable to respond in damages for a failure or refusal to perform duties required of them by law, and we know of no law, or reason why Justices of the peace when acting ministerially should not be held to the same rule.

SMITH, J. Bone had obtained a judgment against Cason before a Justice of the peace, and had taken out ex-

ecution thereon, which was levied upon a horse as the property of the defendant in the writ. Cason, pursuant to notice, filed with the Justice a schedule of his property, claiming the horse as exempt, and demanded a supersedeas, tendering the fee therefor. Bone resisted the issue of this process, and the justice refused to issue it; in consequence of which the constable sold the horse. After the sale Cason applied to the Circuit court and obtained a peremptory writ of mandamus, requiring the Justice to grant him a supersedeas. This order was obeyed, but the horse having passed into the hands of a stranger, it was impossible for the constable or the plaintiff in the execution to make restitution. Cason thereupon sued Bone and the Justice of the peace for damages. But the verdict and judgment were for the defendants.

1. EXEMPTION None against tort. or purchase money.    Nowhere does it appear upon what cause of action the original judgment was founded. If it was for a tort, or for the purchase-money of the horse, the debtor was not entitled to a supersedeas. *Constitution of* 1874, *Art, IX, Sec.* 1. It devolves upon the claimant of an exemption to show that he is entitled to the privilege. *Thompson on Homesteads and Exemptions, Sec.* 879.

The plaintiff evidently supposed that this matter was concluded by the judgment in the proceeding for mandamus. And this may be so with regard to the Justice, who was the defendant in that action; although the writ was improvidently granted, since, the ultimate object that was sought, being impossible of attainment, it must necessarily have proved futile. *High's Extraordinary Legal Remedies, Sec.* 14. But Bone not having been a party, could not be bound by any judgment rendered therein.

2. Officers not liable for official act    Now the Justice was not liable to an action for damages on account of any of his official acts. Wherever the

state confers judicial powers upon an individual, it confers them with full immunity from private suits. This rule applies alike to the highest judges in the land and to the lowest officer who sits as a court and tries petty causes.

And it applies ·not in respect to their judgments merely, but to all process awarded by them for carrying their judgments into effect. *Cooley on Torts*, 408–9.

Cason's remedy, on the refusal of the justice to issue the supersedeas, was to appeal to the Circuit Court. *Act of March* 9, 1877, *Sec.* 1. *Winter & Co. v. Simpson*, 42 *Ark.*, 410.

3. Super-
sedeas re-
fused.
Remedy,

By failing to appeal, he waived his exemption.
Affirmed.