TAYLOR *v.* TOMLINSON.

Opinion delivered April 16, 1898.

1. EXEMPTION—WHEN NOT WAIVED.—Where a debtor appeals from the decision of a justice refusing a supersedeas for property claimed as exempt from seizure, and subsequently dismisses his appeal, and judgment is rendered in the circuit court for a return of the property to the officer, such dismissal and judgment do not preclude him from subsequently instituting other proceedings to have his exemptions set apart to him. (Page 234.)

2. SAME—WHERE SCHEDULE FILED.—Where the process under which property was to be sold was issued by a justice, the schedule of exemptions claimed should also be filed with the justice. (Page 235.)

Appeal from Clay Circuit Court, Western District.

FRANCIS JOHNSON, Special Judge.

STATEMENT BY THE COURT.

On the 30th of October, 1894, appellant obtained judgment in a justice's court against appellee in the sum of $105.65, on which an execution issued November 16, 1895, and was returned as levied on certain personal property of appellee November 26, 1895. Appellee filed with said court a schedule of his personal property, including the property levied on, claiming same as exempt, and asked for a supersedeas. The justice disallowed his claim, and refused the supersedeas, and from the judgment of the justice appellee appealed to the circuit court, executing an appeal bond which bound appellee, in case his appeal was dismissed in the circuit court, to deliver to the proper officer the property levied on, or to pay the value thereof. In the circuit court the appellee dismissed his appeal, and the circuit court rendered judgment against him for a return of the property levied on or its value, and ordered a sale of the property by the constable, in case same was returned to him, to satisfy the original execution in his hands. After this (January 18, 1896) appellee gave notice that on January 23d he would file a second schedule of his personal property, which had been levied on by the constable, and claim same as exempt. On January 27th the proceedings on this second schedule was dismissed by the justice for want of jurisdiction, all parties being present, the justice holding that the question of exemption of this property had been already adjudicated. Supersedeas of the renewed execution was denied, and the execution was quashed and ordered returned, and it was returned, and the property delivered to the appellee by the constable. After this (February 6, 1896) the clerk of the circuit court issued an order of delivery, which was executed by the sheriff, and the property originally levied on was turned over to the constable. On the 17th of February, 1896, upon motion of appellant, the order of the justice quashing the execution was set aside, and the execution was returned to the constable. Again the appellee asked and the justice refused to issue supersedeas; whereupon appellee again appealed to the circuit court. The circuit court held that the justice should have issued the supersedeas, and accordingly ordered same, and this appeal was taken.

*Cate, Hughes & Cate,* for appellant.

Appellee, having dismissed his appeal to the circuit court, and permitted a judgment against him and his surety on the appeal bond, is estopped to claim an exemption which he failed to claim in justice court.   28 Ark. 485; 40 Ark. 352; 47 *ib.* 400; 30 N. E. 711.   The judgment on the appeal bond bars further claim of exemption.   28 Ark. 85; Van Vleet, Former Adj. p. 702.

Wood, J., (after stating the facts.)   1.  The judgment of the circuit court is correct.   The judgment of the justice on the first application for supersedeas is as follows:   "Comes the defendant, C. A. Tomlinson, and files before me a schedule in exemption, as required by law; also the original notice of said schedule to the plaintiff; and, it appearing to the court, from the return of the sheriff thereon, that said notice was served by delivering a copy thereof to the oldest member of the family of said plaintiff at home, and it appearing to the court that the oldest member at home, and to whom said copy was delivered, was not of the age required by law, it is therefore held that said plaintiff did not have sufficient notice, and supersedeas refused."   While the record does not disclose any reason given by appellee for dismissing his appeal in the circuit court, it was doubtless for the reason that he concluded that the judgment of the justice determining that he had not given notice to the opposite party as required by law (Sand. & H. Dig., § 5891), was correct.   Appellee had the right to dismiss his appeal, and his action in so doing cannot be held as an abandonment or waiver of his exemptions.   If he had not given notice to the opposite party as the law requires, which the judgment of the justice finds, and the dismissal of the appeal concedes, he acted wisely in dismissing same; for the court had no jurisdiction of the person of the appellant, and any judgment that might have been rendered in said court on said appeal, as against him, would have been void.   The dismissal of the appeal by appellee, and the giving of notice to appellant that he (appellee) would file another schedule before the justice, was tantamount to taking a

non-suit and the commencement of new proceedings to secure his exemptions.

The rendition of the judgment against appellee and his bondsman, after a dismissal of the appeal,—conceding same to have been regular,—did not estop appellee from new proceedings to obtain his exemptions. Appellee bound himself, in case of a breach of the bond by dismissal of his appeal, to deliver the property, or its value, to the proper officer. This he complied with by delivering the property to the proper officer when called for. The only purpose of the bond was to have the property or its value forthcoming, subject to the execution for the debt of appellant, in the event the property was held not to be exempt. As we have seen, the dismissal of the appeal did not determine that question, and such an issue could not spring out of a breach of the bond.

2. It is said that it was the duty of appellee to file his schedule and claim his exemptions before the clerk. The execution under which this property was held was issued by the justice, and not by the clerk. Sand. & H. Dig., § 3718. The order of delivery issued by the clerk in pursuance of the judgment of the court on the bond commanded the sheriff to take possession of the property, and deliver them to the constable, and the constable was ordered by said judgment to sell the property under the original; so that process under which the property was about to be sold was issued by the justice. It was therefore proper to file the schedule with the justice.

Affirm.