MILLER *v.* MINTUN.

MILLER *v.* MORTON.

Opinion delivered December 3, 1904.

1. EVIDENCE—X-RAY PHOTOGRAPHS.—In an action against a physician for negligence in setting a fractured ankle, x-ray photographs of the injured member are admissible, with a proper caution against their being treated as infallible. (Page 185.)

2. TRIAL—REFUSAL OF INSTRUCTIONS.—The refusal of instructions asked by appellant was not prejudicial where the court's charge accurately defined every phase of the case presented by the evidence, and covered every proposition which the evidence entitled appellant to have presented. (Page 185.)

3. NEGLIGENCE—EXCESSIVENESS OF VERDICT.—A verdict of $1,500 against a surgeon for malpractice in setting a fractured limb is not excessive where the evidence showed that the plaintiff suffered great pain for many months, was unable to bear any weight on the limb, and that it would probably be years, if ever, before she regained the use of the limb. (Page 186.)

4. EXEMPTIONS—TORTS.—Against an execution on a judgment in an action of tort defendant is not entitled to his chattel exemptions. (Page 186.)

5. PLEADING—CONSTRUCTION.—Under the code rule that the courts regard the substance, rather than the form, of a pleading, a complaint against a surgeon for malpractice in the treatment of a broken ankle which alleges negligence, unskillfulness and wrongful treatment. of the injury, that defendant promised careful and skillful treatment, and that plaintiff's injuries resulted from his want of care and skill, sounds in tort. (Page 186.)

Appeals from Washington Circuit Court.

JOHN N. TILLMAN, Judge.

Affirmed.

*P. H. Prince,* for appellant.

· The first instruction was erroneous because it in effect told the jury that the evidence would justify them in finding for the plaintiff in the amount sued for. Const. Ark. art. 7, § 23. The second instruction was erroneous because not hypothetical. 14 Ark. 530; 31 Ark. 684-9; 52 Ark. 45; 33 Ark. 350; 24 Ark. 540; 61 Ark. 155, 156. The court erred in refusing appellant's first prayer for instruction. 128 Mass. 131. The court also erred in refusing appellant's fourth prayer. 39 Ill. 53; 47 Ia. 625; 14 Am. & Eng. Enc. Law, 83. Also in refusing the sixth. 91 Pa. 362, s. c. 36 Am. Rep. 668. Also the eighth. 14 Am. & Eng. Enc. Law, 81, 82; 16 Enc. Pl. & Pr. 533. The verdict is excessive and contrary to the evidence. 34 Ark. 632; 2 Ark. 360; 5 Ark. 407; 6 Ark. 428; 10 Ark. 138; *Ib.* 638; *Ib.* 491; 26 Ark. 369; 39 Ark. 491.

*Walker & Walker* and *T. M. Gunter,* for appellees.

The first instruction was correct; but, even if objectionable as suggested by appellant, such objection should have been specifically pointed out at the trial. 39 Ark. 40; 52 Ark. 180; 58 Ark. 371. The amount of the verdict negatives any prejudice from this instruction. 58 Ark. 136. There was no error in the second instruction. 37 Ark. 519; 41 Ark. 300; 48 Ark. 396; 35 Ark. 492; 15 S. W. 469; 60 Ark. 481; 65 Ark 619. There was no error in refusing appellant's eighth prayer. 73 Vt. 95; 67 Wis. 504; 31 Mo. 375; 75 N. Y. 12; 130 N. Y. 325; 155 N. Y. 201. This action is in tort, and not in contract. 72 Wis. 591, s. c. 7 Am. St. Rep. 900; Hutch. Car. 740-744; Pom. Rem. Rights, 568; 35 L. R. A. 548; 26 Am. Rep. 420; Bliss, Code Pl. § 14; Phill. Code Pl. § § 190, 490; 36 Miss. 660; 58 Ark. 136.

HILL, C. J. The appellee, Mrs. Mintun, was injured by a fall from a mule on the 13th of May, 1900, and she called in the appellant to attend and treat her injury. He is a graduated

physician and surgeon, duly licensed to practice his profession, and was engaged in active practice at the time. He described Mrs. Mintun's injury to be "a complete compound dislocation of the tibia at the ankle joint, complicated with a Pott's fracture." He treated the injury, and operated upon the ankle, and the result was not satisfactory, to say the least. The following January the injured ankle was submitted to other physicians, and the plaintiff was then informed that her injury had been unskillfully handled. She sued Dr. Miller for damages, alleging unskillfulness and negligence in the treatment, causing great pain and resulting in permanent injury to the ankle.

It would serve no useful purpose to review the evidence; that upon the part of the plaintiff fully sustained the charge of malpractice; that upon part of the defendant approved his treatment, and exonerated him from negligence and unskillfulness. The jury has settled that conflict in favor of plaintiff.

1. Objection was made to the introduction of X-ray photographs of the injured ankle on account of the alleged inherent weakness of such evidence and lack of expert knowledge of those making them. The photographs were taken by Prof. W. N. Gladson, of the University, with an apparatus belonging to the University, and one of the best made. One of the plates was developed by the professor, and the other by Mr. Watton, an experienced photographer. Prof. Gladson's knowledge of radiography was acquired from reading and experimentation. He was frank in admitting that this was a subject not thoroughly understood by him, nor by any one else. Counsel quote medical authority to the effect that: "Radiography, though useful, is at times dangerous by misleading; by no means to be assumed infallible by a jury or a court." Giving full sweep to this caution in regard to this new science, yet it does not prove the photographs inadmissible, but merely that they are not infallible, and may be misleading. The frankness of the witness was a sufficient guard against them being treated as infallible; and there is nothing to indicate wherein they were misleading. There was no error in admitting them into evidence.

2. Exceptions were taken to the first and second instructions given, but the criticisms made of them are not tenable. Exceptions were taken to the refusal to give instructions asked

by the appellant numbered 1, 4, 6, 8 and 9, and an argument supporting each is made. Without going into them in detail, suffice it to say that the instructions given by the court accurately defined every phase of the case presented by the evidence, and covered nearly every proposition requested by appellant in the refused instructions: certainly, every proposition which the evidence entitled the appellant to have presented.

3. It is insisted that the verdict for $1,500 is excessive. Mrs. Mintun suffered great pain for many months. At the time of the trial she was still unable to bear any weight on the injured limb, and the indications are strong that it will be years, if ever, before she regains use of her ankle. It was suppurating for many months after the appellant treated it, and it is apparent that the bones are not properly brought together. The jury was convinced, from legally sufficient evidence, that this unfortunate condition was directly due to the unskillful and negligent treatment of the appellant. The verdict is not excessive. The judgment is affirmed.

The case of Miller against the clerk and sheriff, a mandamus proceeding seeking to force the officers to accept his schedule of exemptions against an execution levied on his property to satisfy this judgment, was submitted on the same pleadings and evidence taken in the foregoing case.

The question is presented whether the judgment in the foregoing case is "on debt by contract," within the meaning of section 2, article IX, of the Constitution of 1874. If it is, then the appellant is entitled to his exemptions against an execution on this judgment; if it is a tort, then it is settled that he is not entitled to his exemptions. *Cason* v. *Bone,* 43 Ark. 17; Waples, Homestead & Exemptions, p. 913; 12 Am. & Eng. Enc. Law (2d Ed.), pp. 169, 170.

The complaint charges negligence and unskillfulness and wrongful treatment of the injury; alleges that defendant promised careful and skillful treatment; and that the injuries resulted from his want of care and skill and from his negligence, etc. The action could have been brought *ex contractu* or *ex delicto;* in the former relying wholly upon the contract, express or implied, to treat skillfully and carefully, and waiving the tort; or in the latter the contract could be ignored, or pleaded as an inducement, and the action sound in tort alone. Bliss, Code Plead. § 14.

In *Fordyce* v. *Nix*, 58 Ark. 136, this court said: "The contract of carriage, its willful breach, and the insult and injury resultant, damnifying appellee, as he claims, in the sum of $2,500, as set forth in the complaint, we hold constituted a tort. Under the reformed procedure, courts regard the *substance* rather than the *form*." In *New Orleans, etc., R. Co.* v. *Harris*, 36 Miss. 660, the court said: "The character of the action must be determined by the nature of the grievance, rather than the form of the declaration." In *Nelson* v. *Harrington*, 72 Wis. 591, s. c. 7 Am. St. Rep. 900, the action was against a physician for alleged malpractice, and the complaint almost identical in effect and charges with the one here. The court said the allegations of negligence and unskillfulness, and not the allegation of the contract to treat carefully, characterized the action; and continued as follows: "The contract is stated in the complaint as a mere matter of inducement, and might as well have been omitted. It must be held, therefore, that the action is for breach of duty—the negligence and wrong—and not upon the contract." The same conclusion was reached in another similar complaint against a physician by the Supreme Court of Indiana. *DeHart* v. *Haun*, 126 Ind. 378. The action in substance was for the wrongful act of the appellant, and is a tort, and he is not entitled to his exemption, and the judgment is affirmed.