MOORE *v.* WALDSTEIN.

Opinion delivered February 18, 1905.

1. FRAUDULENT CONVEYANCE—SUIT BY HEIRS TO CANCEL.—Under act of April 19, 1895, providing that "any executor or administrator of any fraudulent grantor who by deed, grant, or otherwise, shall have conveyed an estate in lands, tenements or hereditaments, with intent to delay his creditors in the collection of their just demands, may apply to a court of chancery by proper bill or petition, and have the same set aside and cancelled for the use and benefit of the heirs at law of the fraudulent grantor, saving the rights of creditors and purchasers," *held,* that where the executor of an alleged fraudulent grantor was the grantee, and refused to bring the suit to set the deed aside, the heirs at law of the grantor had the right to bring it, making him a defendant. (Page 275.)

2. REMEDY—RETROACTIVE EFFECT.—Under act of April 19, 1895, providing that an executor or administrator of a fraudulent grantor may bring suit to set aside his deed, a suit may be brought to set aside a fraudulent deed executed prior to the passage of the act. (Page 276.)

3. FRAUDULENT CONVEYANCE — CONSIDERATION.—Whether a deed based upon a full, adequate and valuable consideration received by the grantor, and made for the purpose of defrauding creditors, comes within the act of April 19, 1895, *quaere.* (Page 276.)

Appeal from Jefferson Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Reversed.

*Bridges & Wooldridge* and *Rose, Hemingway & Rose,* for appellants.

At common law any conveyance made by a testator, even though void, was held to revoke a will. 29 Am. & Eng. Enc. Law, 308; 1 Jar. Wills, 308; 1 Woerner, Adm'n, § 53; Sand. & H. Dig. § § 7397-8; 84 N. W. 293; 15 S. E. 584. A fraudulent conveyance is good as between the parties. 11 Ark. 411; 47 Ark. 301; 52 Ark. 171; 67 Ark. 328. The interest of Lizette Waldstein, which was held in trust, passed to her heirs. 45 Ark. 410; 43 Ark. 420; 44 Ark. 365; 30 Ark. 136. Cases where the fraudulent conveyance had been made before the passage of the act were as much within the evil as those where it might be made afterward. 30 Ark. 278; 13 Ark. 58; 26 Am. & Eng. Enc. Law (2d Ed.), 676; End. Inter. Stat. § 103; 11 Wall. 493; 169 U. S. 55; 9 Pet. 301; 11 How. 375; 11 Wall. 45; 145 U. S. 593; 113 Ind. 373; 26 Ark. 527; 92 U. S. 202; 102 U. S. 132.

*White & Altheimer,* for appellees.

The original complaint could not be the foundation for the amendment offered. 42 Ark. 511; 57 Ark. 632; 47 Ark. 301; 43 Ark. 84; 52 Ark. 171. The court had no authority to appoint the special administrator. 41 Ark. 165; 56 Ark. 166; 18 Ala. 395; 57 Ala. 168; 49 Me. 536; 51 Cal. 154; 34 Ark. 144; Pom. Rem. & R. R. § 420; 4 Wait's Prac. 655; 3 Rob. 621; 14 N. Y. 506; 21 N. Y. 531; 71 Ark. 222; 59 Ark. 356; 31 Ark. 334; 53 Ark. 117. Gifts have been upheld by this court. 21 Ark. 375; 19 Ark. 650. A statute should be construed according to its grammatical sense. 28 Ark. 203; End. Int. Stat. § 271; 57 N. Y. 475; 43 N. Y. 130; 24 N. Y. 20; 63 Ark. 157.; Cooley, Con. Lim. 455. The probate of a will cannot be attacked collaterally. 40 Ark. 91; 47 Ark. 254.

*Bridges & Wooldridge* and *Rose, Hemingway & Rose,* for appellants in reply.

The code provides for making a defendant of a party who should be plaintiff, but who is not in an attitude to appear as such. Kirby's Dig. § § 6006-7; 113 U. S. 756.

BATTLE, J. On January 8, 1891, Mrs. Lizette Waldstein made a will, devising her property, consisting of real estate in Jefferson County, in this State, to her son Henry, to be held by him for twenty years for the use of her children, and then distributed among them.

On April 8, 1895, she, in consideration of $10 and love and affection, executed a deed to her son Henry, conveying to him all her property, worth $25,000 or $30,000, evidently for the purpose of hindering, delaying or defrauding her creditors. The statement of the evidence of that fact in this opinion can serve no useful purpose.

On December 27, 1899, she died. After her death Henry executed a declaration of trust for the declared purpose of carrying into effect the wishes of his mother as to the property conveyed to him. He also probated her will, and became the executor thereof; letters testamentary being issued to him.

Amanda Moore and Theresa E. Shilling brought suit, in the Jefferson Chancery Court, against Henry Waldstein, Victor Waldstein, Carrie Brown and N. W. Kerstein to set aside the deed to Henry and to recover their part of said property. They alleged that Henry was the executor of the last will and testament of Lizette Waldstein, deceased, and that he refused to bring suit to set aside the deed to him, for the use and benefit of the heirs at law of the deceased, or to resign. The plaintiffs and defendants are the sole heirs at law of the deceased.

The court set aside the deed, but, instead of rendering judgment in favor of the heirs for the property, decreed that Henry should hold it subject to the rights of creditors, and carry into effect the terms of the will.

The act upon which this suit is based was approved April 19, 1895, and is as follows:

"Sec. 1. That any executor or administrator of any fraudulent grantor, who by deed, grant, or otherwise, shall have conveyed an estate in lands, tenements or hereditaments, with intent to delay his creditors in the collection of their just demands, may apply to a court of chancery by proper bill or petition, and have the same set aside and cancelled for the use and benefit of the creditors and purchasers without notice."

Henry Waldstein being the fraudulent grantee in the deed, and refusing to bring the suit to set the deed aside, the plaintiffs

had the right to bring it, making him a defendant. *Emmons* v. *Barton,* 109 Cal. 662; *Bate* v. *Graham,* 11 N. Y. 237; *Tuck* v. *Walker,* 106 N. C. 285.

The act of 1895 was approved eleven days after the deed to Henry was executed. It is a remedial statute, designed to afford heirs a remedy against fraudulent deeds which deprived them of estates which ought to belong to them by inheritance. Before the enactment of this statute the law declared all parties to such deeds, with intent to defraud any person, guilty of, a misdemeanor, punishable by fine in any sum not less than $500; yet the law would not permit any administrator, executor, or heir of the fraudulent grantor to set the deed aside. It did so, not because the grantee was rightfully or morally entitled to it, but as a punishment of the grantor, and for the purpose of preventing or suppressing the evil. While it did so, it made his children or other heirs, who were innocent of the offense, fellow sufferers. To remedy this wrong, the act of 1895 was enacted. It is based upon the principle that the fraudulent grantee and those holding under him, not being justly and morally entitled to hold the property, should restore it to its rightful owners. It makes no act fraudulent or illegal which was not so before, but provides a remedy for an existing wrong, and affords relief to all that come within its broad and beneficial provisions. The case before us comes within the mischief intended to be remedied and within the object of the act, and the plaintiffs are entitled to its benefits.

A deed made with the intent to delay creditors in the collection of their just demands may be set aside on application of the executor or administrator of the grantor "for the use and benefit of his heirs at law, saving the rights of creditors and purchasers without notice." The devisees in a will as such cannot take advantage of the cancellation. Before the act of 1895 no one except creditors could set aside a deed to defraud them. It was valid as to all other persons. The grantor lost all right to control or dispose of the land conveyed. All last wills and testaments of the grantor as to such land were of no effect. The act of 1895 makes a change in this condition of affairs, to the extent of allowing the fraudulent deed to be set aside for the benefit of the heirs at law. This is the only change made. It does not vest the grantor with any additional right to control or dispose

of the land, nor make a will valid as to it, but when the deed is set aside transfers the title to the land to the heirs at law, "saving the rights of creditors and purchasers without notice."

We do not decide that a deed based upon a full, adequate and valuable consideration received by the grantor, and made for the purpose of defrauding creditors, comes within the act of 1895.

The decree of the chancery court is reversed, and the cause is remanded, with directions to the court to render a decree in accordance with this opinion.