## LAUNIUS *v.* DRAKE.

Opinion delivered January 15, 1917.

EXEMPTIONS—FAILURE TO APPEAL—WAIVER.—The defendant in an action before a justice, filed a schedule of exemptions, but failed to appeal within the statutory period, from a judgment of the justice refusing to allow the schedule. *Held,* defendant will be treated as having waived his exemptions, and can not thereafter file a second schedule.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; reversed.

*Powell & Smead,* for appellant.

1. Where a debtor's right to exemption has once been adjudicated, he cannot file a schedule again under the same attachment. The principle of *res adjudicata* applies. 55 Ark. 55; 65 *Id.* 232.

2. By failure to appeal Drake waived his exemptions. 43 Ark. 17; 47 *Id.* 400.

3. The circuit court had no authority to order the justice to allow the second schedule. Justices of the peace are judicial officers and mandamus does not lie to control their discretion. 43 Ark. 17; 42 *Id.* 410; 34 *Id.* 394.

*T. D. Wynne,* for appellee.

1. Appellee did not waive his exemptions by failing to appeal from the action of the justice denying his

claim of exemptions.   28 Ark. 486-492; 55 *Id.* 58.
He had the right to file a second schedule.   65 Ark. 232.

2.   It was the duty of the justice to allow the second schedule and issue a supersedeas.   This was purely a ministerial act and mandamus was the proper remedy.

HUMPHREYS, J.   G. L. Sorrells recovered judgment for $290.52 against J. S. Drake before C. E. Launius, a justice of the peace for Holly Springs Township, Dallas county, Arkansas, who is the appellant herein.   An attachment had been levied upon two mules, a wagon and harness, the property of J. S. Drake, in said suit and was sustained at the time of the rendition of judgment and the property was ordered sold under said attachment proceedings.   J. S. Drake, the appellee herein, gave notice in accordance with law and filed a schedule claiming his exemptions, including this property, with the justice of the peace.   Both Drake and Sorrells were present on the trial of the issue in the exemption proceedings and the justice of the peace declined to issue a supersedeas.   Drake gave notice that he would take an appeal to the circuit court but failed to file the affidavit for appeal required by law. A short time before the day fixed for the sale under the attachment, Drake gave Sorrells notice that he would file another schedule claiming said property as exempt. The justice of the peace declined Drake a second hearing on the issue of exemptions and he then applied to the circuit court of Dallas county for a writ of mandamus to compel the justice of the peace to hear his second application.

The petition for writ of mandamus set out all the facts leading up to the refusal of the justice to hear his second application for exemptions, to which an answer was filed by the appellant herein.   In addition to other matters the answer contained four paragraphs numbered 6, 7, 8 and 9 to which a demurrer was filed by Drake.   Sections 6, 7, 8 and 9 are as follows:

"6.   Further answering defendant stated that on the 13th day of January, 1916, G. L. Sorrells filed before

this defendant as justice of the peace for Holly Springs
Township, a suit against the plaintiff herein, for the
sum of $290.52; that on the 13th day of January, 1916,
the said G. L. Sorrells filed proper papers before this
defendant for an order of general attachment against
the goods and chattels of the plaintiff herein; that on the
22nd day of January, 1916, an order of general attach-
ment was issued by this defendant as justice of the
peace, and delivered to the constable of Holly Springs
Township, commanding the said constable to attach
and safely keep the property of the said J. S. Drake in
Dallas county, or so much thereof as would satisfy the
claim of the said G. L. Sorrells for the sum of $290.52
and $20.00 as cost of said suit.   That on the —— day of
January, 1916, under said attachment, the said constable
levied upon two mules and one wagon and harness, the
property of the said J. S. Drake; that on the —— day of
————, 1916, the said G. L. Sorrells obtained judgment
against the said J. S. Drake in the court of this defendant
for the sum of $290.53, and the attachment aforesaid was
by the court sustained and said property ordered sold
for the purpose of satisfying said judgment; that there
was never an execution issued upon said judgment but
that said property was condemned for sale under said
attachment and that the only sale of said property
which the said constable attempted to make was in
pursuance of said condemnation.

"7.   Defendant further states that on the ——
day of ————, 1916, J. S. Drake, the plaintiff herein,
after having given five days notice, as required by stat-
ute, to the said G. L. Sorrells, filed before this defendant
as justice of the peace, a schedule of his personal prop-
erty, in which schedule was included the said property
attached as aforesaid, and claiming said attached prop-
erty as exempt from sale under attachment.   That the
value of all the property contained in said schedule
amounted to the sum of $410.00.   That upon a hearing
of said schedule of exemptions, the same was by this
defendant as justice of the peace, denied and a super-
sedeas refused.   Whereupon, the said J. S. Drake made

motion to this defendant as justice of the peace for an appeal to the circuit court of Dallas county, from the order of this defendant, denying his claim of exemptions and refusing supersedeas as aforesaid, which motion was granted. That the said J. S. Drake further, in open court, gave the said G. L. Sorrells notice that he would appeal from the action of this defendant denying his claim of exemptions and refusing said supersedeas. That the said J. S. Drake has not filed with this defendant as justice of the peace, an affidavit required by the laws of Arkansas in all cases appealed from a justice court, and that more than 30 days have expired since said judgment was rendered and said motion made. That no appeal, therefore, was taken by the said J. S. Drake from the judgment of this defendant, denying his claim of exemptions and refusing supersedeas as aforesaid, and that by failure to so appeal the said J. S. Drake has waived his exemptions under the laws of Arkansas, if he ever had any.

"8. Plaintiff further states that after the right of the said J. S. Drake to appeal from said order of this defendant, denying his claim of exemptions and refusing supersedeas, had expired, the said J. S. Drake gave the said G. L. Sorrells five days notice as required by statute, and offered to file with this defendant a schedule of exemptions in the same matter exactly like the one which had been already passed on as aforesaid. That this defendant refused to grant to said J. S. Drake a hearing on said second schedule of exemptions, for the reason that the matter presented by said second schedule had already been adjudicated by this defendant as aforesaid.

"9. Wherefore, having fully answered, defendant asks that the prayer of plaintiff's petition be denied; that defendant have judgment for his costs, and other relief."

The demurrer was sustained to these sections. The appellant Launius refused to plead further and the circuit court ordered a writ of mandamus commanding Launius, as justice of the peace, to grant Drake a

hearing on his second schedule and that he allow same and issue supersedeas.

From the judgment ordering the writ of mandamus an appeal has been taken to this court.

The sole question involved in this case on appeal is, may a judgment debtor file a second schedule in the same attachment proceeding if that issue has once been adjudicated?

It was said in the case of *Cason* v. *Bone et al.*, 43 Ark. 17, that "Cason's remedy on the refusal of the justice to issue the supersedeas was to appeal to the circuit court. By failing to appeal he waived his exemption." In the case of *Chambers et al.* v. *Perry*, 47 Ark. 400, Justice Smith, rendering the opinion of the court, said: "The debtor must claim his exemption. The mere filing of a schedule is not enough. He must see to it that a supersedeas issue. If the officer refuses or neglects to do his duty mandamus or an appeal lies, according to the fact whether he is a ministerial or judicial officer. And the failure to prosecute the remedy is a waiver of the right." In the case of *Robinson* v. *Swearingen*, 55 Ark. 55, Justice Hemingway, in delivering the opinion of the court in that case took occasion to say: "There is nothing in the record by which it appears that the court inquired into or adjudged the defendant's claim of homestead in the order of sale, and we can indulge no presumptions to that effect. There being no adjudication of this right, the defendant was at liberty to assert it in a manner provided by statute at any time before sale, whereupon it becomes the duty of the clerk to issue the supersedeas." The clear inference in the case of *Robinson* v. *Swearingen, supra,* is that had the issue of exemptions been determined in the first proceeding a second schedule could not have been filed.

It is insisted by appellee that the court decided otherwise in the case of *Taylor* v. *Tomlinson*, 65 Ark. 232. The appellee contends that three schedules were permitted in that case. We cannot agree with learned counsel in this regard. Only two schedules

were presented in *Taylor* v. *Tomlinson, supra.* Two requests for a supersedeas at different times were made on the second schedule presented.

Learned counsel for appellee strenuously contends that this court in the last case referred to upheld the right in the judgment debtor to dismiss an appeal wherein the right of exemption was adjudicated and then to prosecute a second application for exemptions. The court did not so decide in that case. It is true the judgment debtor took an appeal from the justice of the peace wherein the issue of exemptions was involved and dismissed his appeal, but no notice had been given the judgment creditor by the judgment debtor of his intention to file a schedule and claim the property levied on as exempt. The justice court has no jurisdiction of the person of the judgment creditor at the time it passed upon the issue in that case. Not having jurisdiction over the person of the judgment creditor, the judgment of the justice refusing the first supersedeas was not an adjudication of appellee's claim for exemptions.

The case before us now is quite different. The issue of the right of exemptions was tried by the court having jurisdiction of both the subject matter and person, and the judgment debtor having failed to appeal lost his right to claim exemptions in a second proceeding instituted by himself. If the law were otherwise, a judgment debtor might file many schedules between the time his property was levied upon and the date of sale, and obtain many hearings.

The judgment is reversed with directions to the circuit court to overrule the demurrer filed by the plaintiff to paragraphs 6, 7, 8 and 9 of the defendant's answer.