BUMPASS v. McGEHEE.

(Circuit Court of Appeals, Eighth Circuit. October 29, 1917.)

No. 4640.

1. FRAUDULENT CONVEYANCES ⬤=66—CONVEYANCE TO DEFEAT "CREDITORS"—RECOVERY OF PROPERTY BY ADMINISTRATOR.

Kirby's Dig. Ark. § 81, provides that "any executor or administrator of any fraudulent grantor, who * * * shall have conveyed an estate in land * * * with intent to delay his creditors in the collection of their just demands, may apply to a court of chancery * * * and have the same set aside and canceled for the use and benefit of the heirs at law of the fraudulent grantor, saving the rights of the creditors and purchasers without notice." Held, that such statute applied to conveyances made by the defendant in pending actions for torts, to defeat the collection of any judgments which might be recovered therein, although on the trial the plaintiffs were defeated; they being "creditors" within the remedial intent of the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. Limitation of Actions ☞103(2)—Action Against Administrator—Limitation.

> Under such statute, where an administratrix was herself the fraudulent grantee of the decedent, who was her husband, she held the property in trust for the heirs at law, and limitations did not begin to run against a suit by them for its recovery, until she repudiated the trust.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit in equity by Martha Adella Bumpass against Ellen A. McGehee. From the decree, complainant appeals. Modified.

John W. Blackwood and John W. Newman, both of Little Rock, Ark., for appellant.

Samuel M. Taylor, William D. Jones, and Daniel Taylor, all of Pine Bluff, Ark., for appellee.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is a suit by Martha Adella Bumpass against Ellen A. McGehee, her mother, to recover an interest in lands and personal property in Arkansas, and for an accounting. Both claim through James M. McGehee, deceased, who was their father and husband, respectively. The plaintiff, who has appealed, makes no complaint of a part of the decree of the trial court. The controversy brought here involves: First, property referred to as "lands in section 6," and it depends upon the construction of a deed made by McGehee, the ancestor, in 1876; second, lands and personal property transferred by McGehee to the defendant in 1892.

The trial court construed the deed of 1876 as vesting in plaintiff an undivided one-seventh of the "lands in section 6," subject to a life estate in her mother. When the deed was executed, Mr. and Mrs. McGehee had four children, including the plaintiff. Three others were born afterwards. Mrs. McGehee and the first four children were expressly mentioned by name several times as the beneficiaries of the conveyance, but in such a confusing way, in connection with the terms "bodily heirs" and "heirs," that it is difficult to give the deed a satisfactory construction. No useful purpose would be served by setting forth the language employed. The case is so exceptional that it is unlikely ever to occur again, or our decision to constitute a precedent to be followed. We agree with the trial court that it was the grantor's intention to give his wife a life estate, but as to the remainder we think more weight should be given to the specific references in the deed to the four children then living. As something has to give way, it is reasonable to restrict the phrase "all her bodily heirs" to those named and who are recited as participating with their mother in the consideration. This would exclude the three children subsequently born, and give to plaintiff an undivided one-fourth, subject to the life estate. To this should be added what she would receive under the Arkansas law of descents and distributions as an heir of one of the

first four children who afterwards died. As a moral confirmation of this conclusion; if not a legal factor in the construction, it may be observed that in the same year McGehee by another deed conveyed other lands to his wife and children "born after that date," thus indicating a several purpose as to his offspring.

[1] By two deeds and a bill of sale executed in 1892 McGehee transferred to defendant a large amount of real and personal property. It was practically everything he owned. The evidence is overwhelming that there was no consideration for the transfer, but that the sole reason was McGehee's fear of the result of two libel suits recently brought against him and nearing trial. In other words, he put his property in his wife's name to evade execution on the judgments if obtained. Notwithstanding the transfers, he continued to exercise his customary domination over the property until his death the following year. Mrs. McGehee was appointed administratrix and continued so at least until 1901. An Arkansas statute (section 81, Kirby's Digest) provides that:

"Any executor or administrator of any fraudulent grantor, who by deed, grant or otherwise, shall have conveyed an estate in land, tenements or hereditaments, with intent to delay his creditors in the collection of their just demands, may apply to a court of chancery by proper bill or petition and have the same set aside and canceled for the use and benefit of the heirs at law of the fraudulent grantor saving the rights of creditors and purchasers without notice."

It has been held that the right to sue given by this statute extends also to an heir. Moore v. Waldstein, 74 Ark. 273, 85 S. W. 416. It is urged against the relevance of the statute that the plaintiffs in the libel suits had not obtained judgments when the deeds were made, but were afterwards defeated, and that therefore they were not creditors. The suits were pending, however, and the plaintiffs were potential creditors. We think they were creditors within the remedial intent of the statute as construed by the court in Moore v. Waldstein, supra.

[2] The seven-year statute of limitations (section 5056, Kirby's Dig.) is invoked, but we think Mrs. McGehee should be held as a trustee. The evidence shows that she did not repudiate the trust until 1910. This suit was begun in 1912, about two years afterwards. Under the statute first mentioned and above quoted it was her duty to restore the lands to her children to the extent of their interests. Had her husband fraudulently conveyed them to a third person, the right to sue for their recovery in behalf of the children would primarily have been hers as administratrix. Furthermore, when her husband died in 1903 some of the children were minors. The evidence shows that she frequently declared she was holding title for herself and all of them and that she would make a division when the youngest became of age in 1908. All this was consistent with her duty under the law and the facts. The relation between them was peculiarly one of trust and confidence and her conduct and assurances were such as naturally to lull the plaintiff into inactivity. Though the provisions of the statute cited do not extend to personal property, there is enough in the record before us to subject that involved here to the same trust as the lands. An accounting should be had of the property transferred by the deeds

and bill of sale, or of its proceeds, in which the plaintiff should be charged with all she has received by way of advancement or otherwise.

The case is remanded for a modification of the decree, and for further proceedings in accordance with this opinion.