MURPHY v. MURPHY.

Opinion delivered June 16, 1924.

1. FRAUDULENT CONVEYANCES—VALIDITY INTER PARTES.—A deed executed to defraud creditors is good between the parties.

2. FRAUDULENT CONVEYANCE—RIGHT TO CANCEL.—Under Crawford & Moses' Dig., § 70, providing that the executor or administrator of a fraudulent grantor may sue to set aside and cancel a fraudulent deed "for the use and benefit of the heirs at law of the fraudulent grantor," grantees, not the heirs, of such fraudulent grantor are not entitled to sue for such cancellation.

3. APPEAL AND ERROR—HARMLESS ERROR.—A decree will not be reversed for erroneous reasoning of the trial court if the cause for other reasons should be affirmed.

Appeals from Union Chancery Court, First Division; J. Y. Stevens, Chancellor; affirmed.

Melbourne M. Martin and June P. Wooten, for appellant.

There is no evidence that appellee was a creditor of J. Warren Murphy, hence he cannot maintain a suit to set aside the deed which he alleged was fraudulently executed. 96 Ark. 531; 121 Ark. 550; 21 Ark. 375; 34 Ark. 291. The deed was good between J. Warren Murphy and appellant. 52 Ark. 171; 52 Ark. 389; 59 Ark. 251; 25 Ark. 181. Conceding that appellee was a creditor, his long delay in bringing suit would bar him from attacking the deed. 34 Ark. 451; 67 Ark. 325; 132 Ark. 462; 59 Ark. 614. The necessary elements to establish adverse possession are lacking. 72 Pac. 9; 33 Fla. 261, 39 A. S. R. 139; 107 Ark. 374; 22 Ark. 79. Fitful acts of ownership are not sufficient. 81 Ark. 258; 84 Ark. 587; 48 Ark. 277. The burden of proof was on appellee to establish his claim from a preponderance of the testimony. 82 Ark. 51; 76 Ark. 426; 79 Ark. 109. See also 89 Ark. 19.

McNalley & Kitchen, for appellee.

This is primarily a suit to remove cloud from title and not to set aside a fraudulent conveyance, as contended by appellant. The deed to appellant never became operative for that purpose. 1 Devlin on Deeds, 3d ed.

pp. 387, 397. There must be an intention of the grantor to part with title. 101 Ill. 429. An acceptance of the deed is essential to pass title. 80 Ark. 8; 13 Cyc. p. 570. Appellee was in possession of the land under deeds and payment of taxes; appellant never asserted any claim under his purported deed, therefore the statute of limitations never did begin to run. 137 Ark. 69; 131 Ark. 22. When relied on as a defense, the statute must be pleaded in equity as well as in law. 78 Ark. 209; 19 Ark. 16; 80 Ark. 181. Where the statute was not pleaded below, it cannot be availed of on appeal. 80 Ark. 218. Adverse possession under color of title and payment of taxes for seven years raises a strong presumption that the possession was continuous. 34 Ark. 598; 38 Ark. 181.

McCULLOCH, C. J. These are two cases which involve the same questions of law and substantially the same facts, and will therefore be disposed of in one opinion. Each case involves the title to certain tracts of land, and the parties claim from a common source. All of the lands were formerly owned by J. Warren Murphy, who conveyed them by deed dated December 11, 1901, to L. D. Murphy, appellant in each of these cases.

Appellee T. W. Daniels claims title to 120 acres of the land—three tracts containing forty acres each—under mesne conveyances from J. Warren Murphy, who executed deeds in the year 1909, long after he had executed the first deed to appellant. O. T. Murphy, the appellee in the other case, who was a brother of J. Warren Murphy, claims title to forty acres of the land under mesne conveyances from J. Warren Murphy. Each of the appellees instituted a separate action against appellant to cancel the conveyance executed by J. Warren Murphy in the year 1901 to appellant L. D. Murphy, and alleged as grounds that the conveyance was executed for the purpose of defrauding creditors of said grantor. Each of the appellees sets up title in the respective tracts of land claimed by mesne conveyances, and each of them also alleges that he has title by adverse possession for

a period of seven years prior to the commencement of the suit.

Appellant filed answer in each of the cases, denying that the conveyance of J. Warren Murphy to appellant L. D. Murphy was executed for any fraudulent purpose, and denying that appellees had title by adverse possession or otherwise.

On the trial of the cause the court found that the conveyance from J. Warren Murphy to appellant L. D. Murphy was executed to defraud creditors, and entered a decree canceling that deed, and vesting title in appellees as to the tracts of land claimed by them respectively.

We are of the opinion that the decree in neither of the cases can be sustained on the ground that the deed was executed to defraud creditors. This is so because neither of the appellees were in position to complain of the fraudulent conveyance. A deed executed to defraud creditors is good between the parties. *Bell* v. *Wilson,* 52 Ark. 171. There is a statute providing that the executor or administrator of a fraudulent grantor may sue to set aside and cancel a deed "for the use and benefit of the heirs at law of the fraudulent grantor, saving the rights of creditors and purchasers without notice." Crawford & Moses' Digest, § 70. This court has decided that the heirs of a fraudulent grantor may institute an action under this statute, where the executor is a party to the conveyance and refuses to sue. *Moore* v. *Waldstein,* 74 Ark. 273. Neither of the appellees bring themselves within the terms of this statute, for neither is executor or administrator of the deceased fraudulent grantor, and neither of them is the heir. The court was therefore in error in decreeing in favor of appellees on this ground. But this does not call for a reversal of the decrees if, for other reasons, they were correct. We are of the opinion that both decrees are correct, for the reason that each of the appellees proved title by adverse possession.

The proof in the Daniels case showed that the tracts of land involved in that controversy were conveyed to

the grantor of appellees in the year 1909, and that possession was immediately taken. Appellee Daniels purchased the land in 1916 and took possession from his grantor, and occupied it up to the commencement of this action in June, 1922. There is a slight conflict in the testimony as to the character and continuity of the possession, but appellant introduced no testimony at all on this issue, and we are of the opinion that the preponderance of the evidence shows that appellee Daniels and his predecessor in title actually occupied the land more than seven years, claiming ownership under color of title. It does not appear from the proof that all of the lands were in cultivation, but, there being color of title and actual possession of a portion, the possession extended, in law, to the full limit of the boundaries described in the deed.

In the other case the proof was even stronger in favor of appellee O. T. Murphy. The record shows that he received a deed of conveyance to the land now claimed by him on October 29, 1910, and he testified that he entered into possession of the land immediately, and actually occupied it under this deed until the commencement of this action, a period of about twelve years. Another reason why the decree in the O. T. Murphy case should be affirmed is that J. Warren Murphy had parted with his title to the forty-acre tract of land involved in that controversy prior to his conveyance to appellant L. D. Murphy in 1901, J. Warren Murphy having conveyed the land to one Whatley in the year 1883, and appellee has a straight title under mesne conveyances from Whatley.

Our conclusion therefore is that in each case the decree was correct, on grounds other than those stated by the court in rendering the decree. Each decree is therefore affirmed.