Ives *v.* Ives.

Opinion delivered October 1, 1928.

1062

*R. W. Wilson, T. J. Moher, Sam T. Poe, Tom Poe* and *McDonald Poe,* for appellant.

*Peyton D. Moncrief, A. G. Meehan* and *John W. Moncrief,* for appellee.

HART, C. J., (after stating the facts). This suit is based upon § 70 of Crawford & Moses' Digest, which gives the executor or administrator of any fraudulent grantor, who, by deed, shall have conveyed an interest in land with intent to defraud his creditors in the collection of their just demands, the right to apply to a court of chancery to have the same set aside for the use and benefit of the heirs-at-law of the fraudulent grantor. This statute has been construed to change the common law to the extent of allowing the fraudulent. deed to be set aside for the benefit of the heirs-at-law of the deceased. *Moore v. Waldstein,* 74 Ark. 273, 85 S. W. 416; *Johnson v. Johnson,* 106 Ark. 9, 152 S. W. 1017; *Deniston v. Phillips,* 121 Ark. 550, 180 S. W. 911; *Davis v. Davis,* 142 Ark. 311, 218 S. W. 827; and *Murphy v. Murphy,* 165 Ark. 246, 262 S. W. 677.

Counsel for the plaintiff seek to reverse the decree on the ground that the Anderson Engine & Foundry Company was an existing creditor, and that there was a conclusive presumption of fraud when A. H. Ives conveyed his property to his children without paying that claim. They invoke the well-settled rule in equity that

conveyances made to near relatives of an embarrassed debtor are looked upon with suspicion; and, when they are voluntary, they are *prima facie* fraudulent; and, when the embarrassment of the debtor proceeds to financial wreck, they are conclusively presumed to be fraudulent as to existing creditors. *Wilks* v. *Vaughan*, 73 Ark. 174, 83 S. W. 913; *Home Life & Accident Co.* v. *Schichtl*, 172 Ark. 31, 287 S. W. 769; and *Gavin* v. *Scott*, 172 Ark. 234, 288 S. W. 391.

In the two cases last cited it was held that there is no conclusive presumption of fraud as to existing creditors, where a grantor executed a voluntary conveyance, if he was not at the time insolvent.

The record shows that the Anderson Engine & Foundry Company obtained a judgment against A. H. Ives and B. B. Ives. While there was a joint liability in the premises, B. B. Ives had purchased the machinery, and A. H. Ives had signed his note. The record shows that the principal part of the property of A. H. Ives was conveyed by him to his son, B. B. Ives. Hence there is nothing in the record to show that the creditor was at all hindered or delayed in the collection of its debts. It could have levied upon the land or personal property because the bulk of it was conveyed by A. H. Ives to B. B. Ives. Being the joint liability of A. H. Ives and B. B. Ives, in the very nature of things a conveyance by A. H. Ives to B. B. Ives could not hinder a creditor of A. H. Ives and B. B. Ives jointly in the collection of his debt.

Besides that, the statute upon which this suit is based was passed for the benefit of the heirs-at-law of a decedent. Now A. H. Ives had given nearly all his property to two of his children, who are named defendants in the action. They both resisted the present suit, and R. L. Ives, having no interest whatever in the property, had no right to maintain the action. It will be noted that the creditors are not parties to the action and are not seeking to set aside the conveyances as being fraudulent. The record shows that the Anderson Engine & Foundry Company was the principal creditor of the

1064

estate. The other claims probated did not amount to a hundred dollars. Under these circumstances R. L. Ives, having no interest in his father's estate, could not maintain the action for the benefit of his brother and sister, who were the other heirs-at-law of A. H. Ives, and who alone had any interest in his estate, against their will in the matter.

R. L. Ives cannot maintain the suit in his own name, because the overwhelming proof shows that A. H. Ives was a man of strong mind and character, and knew what he was about when he conveyed his property to his children. In a will which he had executed some years before he expressly stated that he had given his oldest son, R. L. Ives, his share of the estate, and therefore had only made a small provision for him in his will. The record in this case shows that A. H. Ives executed the deeds in question because he wanted to settle his estate in his lifetime. Whether he had divided his property equally and justly between his children makes no difference. He had a right to prefer one to another. The evidence shows clearly and unmistakably that he was of sound mind when he made the conveyances, and under these circumstances R. L. Ives could not set them aside as having been procured by undue influence.

Therefore the decree will be affirmed.