## WILLIAMS v. RORER.

1. A. sold to B. a mare, delivered possession, and gave an absolute bill of sale. B. at the same time, executed, on a separate paper, a defeasance giving to A. the right to redeem the mare, on the payment of a certain, sum on a certain day. Held, to be a mortgage, and not a pledge, and that the title of B. became absolute *at law,* on the failure of A, to redeem within the prescribed time.
2. A tender made in bank bills is good, unless it is objected to for the reason that it is so made.

### Error to the Howard Circuit Court.

CLARK AND WRIGHT for Plaintiff.

DAVIS for Defendant.

*Opinion of the Court, delivered by Scott, Judge.*[*]

Williams commenced his action against Rorer, in a justice's court, for fifty dollars, part of the supposed value of a mare which Williams alleged he had pawned to Rorer. It seems Williams executed and delivered to Rorer

*Napton, Judge, absent from the bench.

an absolute bill of sale for the mare. The instrument was under seal. The mare was delivered at the date of the bill of sale. Rorer delivered to Williams an instrument, of which the following is a copy.

"This is to certify that I am willing that Benjamin Williams may redeem the Uncas mare, by refunding me one hundred dollars, any time between this and the first day of June, and if not, she is my property in full. Given under my hand this third day of March, 1840·

GERMAN A. RORER."

It was proved that Rorer sold the mare to one of his neighbors, but on condition, that if Williams made application to redeem her before the first day of June, she should be returned to Rorer, to enable him to comply with his undertaking to Williams. Williams tendered the money to Rorer on the first day of June, and was told by him that he was one day too late. The tender was in bank notes. There was contradictory testimony as to the value of the mare, some of the witnesses believing she was worth one hundred dollars, the price paid for her, and some of them thinking she was worth more. Rorer obtained judgment, and Williams sued out his writ of error.

It was contended in the circuit court by Rorer, that the transaction amounted to a mortgage, or to a conditional sale, and consequently that the plaintiff was not entitled to recover, not having tendered the money within the time agreed on by the parties. Of this opinion was the court, and instructed the jury accordingly.

On the other hand it was insisted, that the agreement between the parties constituted a pledge, and that consequently the plaintiff had a right to redeem the mare after the lapse of the time appointed by the parties for her redemption, and that even if such was not the law respecting the redemption of a pledge, yet Rorer having sold the mare before the time for redemption had passed, Williams was released from all obligation to tender the debt. The court refused instructions embodying this view of the subject.

A. sold to B.
a mare, delivered posses-
sion, and gave
an absolute
bill of sale. B.
at the same
time, execu-
ted, on a sepa-
rate paper, a
defeasance,
giving to A.
the right to
redeem the
mare, on the

48

AUG. TERM.
1842.

Williams
v.
Rorer.

payment of a
certain sum on
a certain day.
Held, to be a
mortgage, and
not a pledge,
and that the
title of B. be-
came absolute
at law, on the
failure of A.
to redeem
within the
prescribed
time.

There is a distinction between a mortgage and a pledge, which is well ascertained both in the English and American law. A mortgage of goods differs from a pledge in this, that the former is a conveyance of title upon condition, and it becomes an absolute interest at law, if not redeemed by the prescribed time; and it may be valid without delivery. A pledge, or pawn, is a deposit of goods, with a right of redemption, on prescribed conditions. Delivery accompanies a pledge, and is essential to its existence. Only a special property passes to the pledgee; while the general property remains with the pledger.— Cortleyou v. Lansing, 2 Cain's Cases.

The bill of sale from Williams to Rorer is absolute on its face, and conveys the general property to him; there is nothing in it or the subsequent agreement, which shows that Williams intended merely a delivery of the mare to be kept for the security of a debt. If the general property passed, then the transaction is a mortgage, and not a pledge. In the case of Deslodge and Rosier v. Ranger, 7 vol. Mo. R., we held an agreement very similar to the present, to be a mortgage. There is no doubt of the correctness of the position assumed by counsel for the plaintiff in error, that in the case of a pledge, the party has a right to redeem after the appointed time; and if he will make a tender of the debt, he may, both at law and in equity, recover the value of the pledge, although the time of the redemption agreed on by the parties has elapsed. But in the case of a mortgage, if there is a given time for redemption, the title of the mortgagee becomes absolute at law, if the mortgagor fails or neglects to redeem, or offer to do so, at the stipulated time, and he is driven to equity for relief. Story on Bailment.

A tender made
in bank bills
is good, unless
it is objected
to for the rea-
son that it is
so made.

If, then, this transaction was a mortgage, the plaintiff, in order to maintain his action at law, should have shown a payment within the time, or an offer to do so, or some sufficient reason for his failure, caused by the conduct of the mortgagee. The offer to pay the debt on the first day of June, was too late; it was not within the time prescribed; and although the tender was made in bank bills,

yet such a tender is always good, unless it is objected to for the reason that it is made in bank paper.

But it is said by the plaintiff, that he was released from the obligation of making a tender of the debt, because before the time for redemption had elapsed, the defendant sold the mortgaged property. It is a general principle that the law does not require a party to do a nugatory act. And if an individual has disqualified himself to comply with his contract, a demand would be a needless formality. It has been held, that if a pawnee of chattels disposes of them without notice to the pawnor, no tender of the debt is necessary before instituting the suit, because he has incapacitated himself to perform his contract to return the pledge. Cortleyou v. Lansing, 2 Cain's Cases. The disposition of the mare made by Rorer was not such a one as prevented him from complying with his undertaking to Williams, had he returned, or offered to return, the money. The witness to whom the mare was sold states expressly that she was to be returned to Rorer in the event of an application by Williams to redeem within the prescribed time. It cannot then be said that Rorer had incapacitated himself to comply with his contract, nor does it appear, but that, if the money had been tendered in time, the mare would have been restored to Williams. Williams, then, having let the time of redemption pass, the title of Rorer to the mare became absolute at law. A tender after the day, was insufficient to divest him of the property, and his only recourse was to a court of equity, one of whose maxims is, "once a mortgage, always a mortgage."

Judgment affirmed.