## PEET et al. vs. BURR et al.

BAILMENT: *Rights acquired by a pledge.*

In a proceeding by attachment, and levy on personal property, an interplea was filed by parties claiming that the property had been pledged to them by the defendants, to secure indebtedness due them, etc., held, that the pledge created a special property in the interpleaders, which was good as against the pledger or his creditors, and the interplea should have been sustained.

APPEAL from *Ouachita* Circuit Court.

Hon. JAMES K. YOUNG, Circuit Judge.

*Rose,* for appellant.

HARRISON, J.:

Burr, Hill & Co., on the 7th day of October, 1874, commenced suit against Powell & Hamilton by attachment, and the writ was levied upon, besides other personal property, four gin stands.

Peet, Yale & Bowling filed an interplea, claiming the gin stands as a pledge delivered to them by the defendants, on the 1st day of April, 1874, for the payment of three promissory notes for $318.17 each, payable September 1st, October 1st, and November 1st, 1874, respectively, still unpaid; and which had remained in their possession until attached.

The plaintiff demurred to the interplea, as showing no right of property or of possession in the interpleaders against the plaintiffs:

The court sustained the demurrer; and judgment being rendered in favor of the plaintiffs, and for a sale of the gin stands as well as the other property attached, Peet, Yale & Bowling appealed.

A pledge is a bailment of goods by a debtor to his creditor, to be kept till the debt is discharged; and a special property in them passes to the creditor, and he may hold them against the pledgor, and, of course, the creditors, who can have no better right until redeemed by the payment of the debt.

The judgment of the court below is reversed, and the cause remanded to it with instructions to overrule the demurrer, and proceed according to law.