## JENKINS v. NEAL.

1.  PROMISSORY NOTES:  *Held as collateral security :   Collection.*
     A sum of money collected by a creditor on a promissory note placed in his hands by his debtor as collateral security, cannot be recovered from him while the debt secured remains unpaid,

2.  SAME:  *Assignment :  Set-off.*
     After the payee of a promissory note has assigned it, he cannot plead it as a set-off in an action brought against him by the maker of the note, unless he has, by payment or otherwise, recovered it from the holder.

APPEAL from *Jefferson* Circuit Court.

JOHN A. WILLIAMS, Judge.

Josephine R. Jenkins brought an action against C. M. Neal to recover the sum of $960, which the complaint alleges was collected by the defendant as the agent of the plaintiff, on a rent note executed by one Colburn.   The defendant by his answer admits the collection of the sum sued for, but alleges that the plaintiff is indebted to him in a large sum of money, and that the rent note was placed in his hands as collateral security.   He exhibits a statement of the account between himself and the plaintiff, showing a balance in his favor, after crediting the $960 collected on Colburn's note, of $1190.31, for which he prays judgment.   Among the items of the account thus pleaded as a set-off was a note for $1700, executed by the plaintiff to the defendant.   The plaintiff filed a reply to

the set-off, denying any indebtednss to the defendant. The evidence shows that the note for $1700 had been assigned by the defendant to the Hanover National Bank, and that a suit thereon had been brought against him by the bank, and was still pending. Judgment was rendered for the defendant on his set-off, for the sum of $1061.56, and the plaintiff appealed.

*White & Parker*, for appellant.

Appellee was not the owner of the $1700 note. It had been assigned to the Hanover Bank, and it alone could sue upon it. *1 Ark., 220; 5 id., 649; Mansf. Dig., sec. 473; 47 Mich., 352; 31 Ark., 597; 2 Ark., 4; 14 id., 185.*

To constitute a set-off, the demand must be due the party, or the claim must be possessed by him in his own right. *2 Pars. on Cont., p. 737, note; Waterman on Set-off, ch. 3; 3 Mc-Cord (S. C.), 249; 22 Penn. St., 116; 14 Mich., 170; 10 id., 530; 12 Am. Dec., 153.*

*M. L. Bell*, for appellee.

The rent note was held by Neal as collateral security, and appellant was not entitled to recover until she had paid the amount due Neal. While the $1700 note was assigned to the Hanover Bank, yet he was indorser, and liable for the amount, and he held the proceeds of the rent note as collateral security to pay it.

PER CURIAM. The defendant, under the facts shown in this case, was not entitled to judgment against the plaintiff SET-OFF. upon his set-off. He was not the owner of the note for $1700, and to allow the $960 to him in this action would subject Mrs. Jenkins to a second payment of that sum at the suit of the Hanover Bank.

Mrs. Jenkins is not entitled to recover the $960 of Neal, if Collateral securities. the note upon which it was collected was given to him as col- lateral security, until she pays the $1700 note; nor is Neal en- titled to judgment for the $1700 note until he has recovered it from the Hanover Bank by payment of his debt or otherwise.

Reverse and remand for a new trial.