## FORDYCE *v.* NIX.

### Opinion delivered October 28, 1893.

1. *Pleading—Nature of action—Misjoinder of causes.*

   The complaint alleged that plaintiff and his family were passengers on defendants' railroad; that the conductor in charge of defendants' train, disregarding the contract of carriage, refused and failed to put plaintiff off at his destination, and compelled him to debark at a station beyond, using profane and insulting language in the presence of plaintiff and his family: that, by violation of their contract and the insults and mistreatment, he had been damaged $2500; *Held*, that, though the complaint alleges a contract of carriage, and its breach, the action will be regarded as founded in tort, and not demurrable for misjoinder of causes.

2. *Carrier—Failure to stop at station—Punitive damages.*

   In an action by a passenger against a railroad company to recover damages for failure to put him off at his station, where there was evidence that defendants' train did not stop at the station, that the name of the station was not called, that the conductor was intoxicated, and used profane and insulting language to plaintiff, and that plaintiff was quiet and peaceable, a verdict for $1000 as punitive damages is not excessive.

3. *Instruction—Amount of damages.*

   An instruction that the jury may allow punitive damages "*not exceeding the amount sued for*," while erroneous, as suggesting that the jury might disregard the evidence adduced, will not be cause for reversal, where it affirmatively appears that the verdict was amply sustained by the proof.

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

Action by Nix against Fordyce & Swanson, receivers of St. Louis, Arkansas & Texas Railway Co. The facts are stated in the opinion.

*Bunn & Gaughan* and *Sam. H. West* for appellants.

1. A claim for damages for breach of contract cannot be joined in the same complaint with one for exemplary damages growing out of abusive and insulting

language used by a conductor, after the station to which plaintiff was bound was passed. Mansf. Dig. sec. 5014 ; Bliss, Code Pl. sec. 125 ; 53 Barb. 238 ; 33 Ark. 316.

2. Punitive damages ought not in any case to be disproportionate to the actual damages proven. 69 Tex. 277 ; 5 S. W. Rep. 317.

3. The damages were excessive.

4. It was error to instruct the jury that if they found  *  *  that defendants' agents acted wilfully, etc., they could allow additional exemplary or vindictive damages "*in any amount not exceeding the amount sued for.*"

*Thornton & Smead* for appellee.

1. In support of the instruction given for plaintiff, see 42 Ark. 328 ; 19 S. W. Rep. 107.

2. There was no misjoinder of actions. Mansf. Dig. sec. 5014 ; 33 Ark. 316 ; Green, Code Pl. sec. 15 ; 16 How. 243. But demurrer is not the proper remedy under the code, but a motion to strike. Mansf. Dig. secs. 5016–17 ; 32 Ark. 495 ; Green's Code Pl. sec. 937 ; 39 Ark. 163. A failure to move to strike is a waiver of all objections to a misjoinder. 1 Met. (Ky.) 313 ; 51 Ark. 261, and cases *supra.*

3. The verdict is not excessive. There is no rule to measure exemplary damages by, except the discretion of the jury, and, in the absence of passion or prejudice, this court will not interfere. 15 S. W. Rep. 470. The jury may award such damages as, in their judgment, will prevent a repetition of the offense, although the actual damages measured by a pecuniary standard are very small. 35 Ark. 494 ; Addison, Torts, 1392. See 9 So. Rep. 375 ; 40 Miss. 395 ; 13 Bush (Ky.), 122 ; 1 Dillon, C. C. 568 ; 36 Miss. 660 ; 49 N. H. 358 ; 11 Lea (Tenn.) 98 ; 68 Mo. 329 ; 11 Nev. 350 ; 36 Wis. 557 ; 5 Taunt. 442. The right to recover exemplary damages is not

confined to cases of actual malice.    2 Sedg. Dam. 26, 28 ; Sedg. Torts, 227.

4.  It was the province of the jury to settle the conflict of testimony, and this court does not disturb a verdict on the question of the weight of the evidence.    46 Ark. 527 ; 15 *id.* 356 ; 7 *id.* 174 ; 47 *id.* 199 ; 2 *id.* 364 ; 47 Ark. 567 ; 49 *id.* 396.   If there is any evidence to support it, the verdict will not be disturbed.    31 Ark. 163.

WOOD, J.  Appellee filed his complaint for damages, alleging that he, wife and two daughters, left Detroit, Texas, to visit relatives and friends at Buckner, Arkansas, a regular stopping point on appellants' railroad ; that they were passengers, having purchased tickets, which conductor received on train ; that the company, disregarding its contract of carriage, *refused* and failed to stop at Buckner, their destination ; that appellee requested conductor, half mile beyond the station, to back up train and allow them to debark, which he refused to do, using profane and insulting language in the presence of appellee and family ; that conductor was rough and insulting from time they passed Buckner to Waldo, where they got off ; that, by violation of their contract and the insults, outrages and mistreatment, he had been damaged $2500.

Appellants demurred for misjoinder, which being overruled, they saved exceptions and answered, denying every allegation except contract of carriage, and charged appellee with contributory negligence.   Verdict and judgment for $1000 ; appeal duly prosecuted.

1. Nature of action.

The contract of carriage, its wilful breach, and the insult and injury resultant, damnifying appellee as he claims in the sum of $2500, as set forth in the complaint, we hold constituted a tort.   Under the reformed procedure, courts regard the *substance* rather than the *form. Substantia prior et dignior est forma.*   As was said by the Supreme Court of Mississippi, in a very

similar case : '' The character of the action must be determined by the nature of the grievance, rather than the form of the declaration." *New Orleans, etc. R. Co.* v. *Hurst*, 36 Miss. 660. But, measured by the most technical rules of pleading, the complaint contains all the necessary allegations for an action *ex delicto.* Such was evidently the intention of complainant, the facts warranted it, and we so treat it. It follows, considering appellant's demurrer as a motion to strike, which is the proper practice, (Mansf. Dig. secs. 5016, 5017; *Organ* v. *Railroad Company*, 51 Ark. 261; *Riley* v. *Norman*, 39 *id*. 158; *Terry* v. *Rosell*, 32 *id*. 495) that it was properly overruled.

Was the verdict excesssive ? Since the trial judge, who saw and heard the witnesses, has refused to disturb it, this court, according to a rule long ago established, and supported by the great weight of authority, will not interpose, unless the amount is so flagrantly unjust or unreasonable as to indicate passion, prejudice, corruption, or a failure to appreciate the law and facts presented. *Sexton* v. *Brock*, 15 Ark. 345; *McClintock* v. *Lary*, 23 *id*. 215; *Bright* v. *Bostick*, 27 *id*. 55; *Trieber* v. *Andrews*, 31 *id*. 163; *Kelly* v. *McDonald*, 39 *id*. 387 ; *Texas, etc. R. Co.* v. *Eddy*, 42 *id*. 527; 3 Sutherland on Dam. sec. 953 ; 1 Sedg. on Dam. sec. 388. It was peculiarly the province of the jury to weigh the evidence and gather from the conflict the true state of facts. Viewing the evidence in the strongest light for appellee (*Railway Co.* v. *Davis*, 56 Ark. 51), the jury might have concluded that appellant's train did not stop at all at Buckner; that the name of the station was not called ; that the brakeman was asleep, and the conductor intoxicated ; that the conductor used profane and insulting language to appellee in the presence of ladies and others ; that his conduct almost precipitated a fight, and would have done so but for the interference of a passenger ; that, when

2. When punitive damages recoverable against carrier.

importuned to go back and let appellee and family off at their destination, he was very rough and insulting; that appellee was quiet and peaceable, his "conduct being that of a gentleman."

Railroad companies, as common carriers of passengers, are authorized, and it is their duty, " to do all acts and things necessary to protect passengers from all acts of fraud, *imposition or annoyance.*" Acts 1889, p. 123. It is made a crime for conductors to become intoxicated while running a train. Mansf. Dig. sec. 5480. Railroads are required to furnish sufficient accommodations for transporting, and to take, transport and discharge, passengers who have paid their fare, and, upon refusal by the corporation or its agents, they are liable in damages to the party aggrieved. Mansf. Dig. secs. 5475, 5476. The contract they make is one they must make and must perform, differing in that regard from contracts simply "*inter partes,*" so that a breach on their part, grossly negligent or wilful, is not merely a breach of contract but a tort. 2 Sedg. Dam. sec. 859; 3 Sutherland, Dam. sec. 941.

Under the obligations imposed by law upon railroads for the protection of passengers from *indignities, insults and injuries*, the facts presented by this record make a case for punishment by way of example. 3 Suth. Dam. sec. 950 ; 1 Sedg. Dam. secs. 347, 360 ; *New Orleans etc. R. Co.* v. *Hurst*, 36 Miss. 660 ; *New Orleans etc. R. Co.* v. *Statham*, 42 *id.* 607 ; *Caldwell* v. *N. J. Steamboat Co.* 47 N. Y. 282 ; *Graham* v. *Pacific R. Co.* 66 Mo. 536 ; *Penn. R. Co.* v. *Books*, 57 Pa. St. 339 ; *Goddard* v. *Railway*, 57 Me. 217. The verdict was not excessive.

3. Instruction as to amount of damages considered.

The trial court should not have told the jury, however, that if the conduct of appellants was wilful, etc. " they may allow him additional vindictive or punitive damages, not exceeding the amount sued for,"

the objection being to the words, "not exceeding the amount sued .for." Verdicts of juries in actions sounding in exemplary damages, while they cannot exceed the amount claimed in the complaint, should, nevertheless, in each case be reasonable, and commensurate with the wrong done, as shown by the evidence adduced. The amount claimed in the complaint is frequently so exorbitant and disproportionate to the facts proven as, of itself, to suggest prejudice, and to tell the jury in such cases that they might find in any amount, not exceeding amount claimed, would be tantamount to saying that they would be justified in finding an excessive verdict. The Supreme Courts of Georgia and Texas have condemned instructions containing the above language. *Bryan* v. *Acee*, 27 Ga. 87 ; *Willis* v. *McNeill*, 57 Tex. 465. It should be said, however, that these were cases between private individuals, and in both the court found that the verdicts were excessive, and that therefore the charge of the trial judge might have been prejudicial. In the case before us, the jury having found for less by $1500 than the amount claimed, and being amply sustained by the proof, it appears they were not misled, nor appellant prejudiced by the instruction.

Affirmed.

Bunn, C. J., did not participate in the decision of this cause.