GEORGE W. TOWNSEND & another *vs.* THEODORE H. TYNDALE, administrator.

RICKIE JOSEPHSON & others, claimants.

Suffolk.    January 16, 1896. — February 27, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

</div>

*Promissory Note — Statute of Limitations — " Subsisting pecuniary Demand " — Life Insurance — Partnership — Collateral Security.*

A promissory note, although barred by the statute of limitations, is still a "subsisting pecuniary demand," within the meaning of those words in a policy of insurance taken out by the maker of the note upon his life for the benefit of the payee as collateral security for the payment of the note if it remains unpaid at the death of the maker; and the fact that, in winding up the firm, which was the payee, and settling the accounts between the partners, the note has been set over to the estate of one partner, but without writing, does not deprive the note of the security.

CONTRACT, against the administrator of the estate of Judas M. Josephson, for money had and received. Writ dated May 10,

1894.    Trial in the Superior Court, without a jury, before *Gaskill*, J., who reported the case for the determination of this court, in substance as follows.

The plaintiffs, who were general partners of the special partnership of Lane and Townsend, sought to recover the proceeds of a policy of insurance for two thousand dollars, dated April 25, 1877, issued by the New England Mutual Life Insurance Company on the life of Josephson, "for the benefit of Messrs. Lane and Townsend, of Philadelphia, Pa., as collateral security for the amount of their then subsisting pecuniary demands against said insured." The judge found the following facts.

Josephson, being indebted to the firm of Lane and Townsend for goods sold and delivered to him by that firm in August, 1870, made and delivered to the firm in payment of his indebtedness three promissory notes, each for $316.12, dated August 23, 1870, and payable respectively in six, eight, and ten months after its date. The notes have neither of them, nor any part thereof, ever been paid, except that $72 was received as a dividend upon proof of the notes against the estate of Josephson in bankruptcy in 1871; and the amount of the notes less said dividend with interest thereon was, at the death of Josephson, the sum of $1,906.90.

Josephson never received a discharge in bankruptcy, and on or about April 25, 1877, caused to be issued by the New England Mutual Life Insurance Company, upon his application therefor, and to be delivered to Lane and Townsend, the policy of insurance above mentioned, as collateral security for the payment to Lane and Townsend of the promissory notes above named, and the policy ever since, and until the payment of the amount thereof to the defendant, was held by said firm as security therefor.

The special partnership of Lane and Townsend began July 1, 1869, and was dissolved about July 1, 1870, George W. Townsend being the liquidating partner thereof, and the general partners, Alexander T. Lane and George W. Townsend, being indebted to the special partner, Solomon Townsend. Subsequently to the issuing and delivery of the policy of insurance, the promissory notes and the policy were assigned and transferred (but not in writing) by the liquidating partner to the estate of Solomon Townsend, the amount of the notes being due to his estate in the settlement of the firm's affairs.

The first premium on the policy, being for ninety dollars, was paid by George W. Townsend, as liquidating partner of the firm, on April 26, 1877, interest thereon to the death of Josephson being $77.76; and the remainder of the premiums until the death of Josephson, amounting to $959.75, were paid by George W. Townsend as executor of the will of Solomon Townsend, interest thereon to the death of Josephson being $411.98. The total sum of premiums so paid and interest thereon to the death of Josephson amount to $1,539.49.

The plaintiffs have always been residents of the State of Pennsylvania. Josephson was a resident of Pennsylvania at and prior to the making and delivery of the notes, and subsequently, and at the time of the issuing and delivery of the policy and until his death, was a resident of the State of New York. He died on December 23, 1891, leaving a widow and six children, all of whom appeared under the provisions of St. 1886, c. 281, and took upon themselves the defence of this action.

At the time of the issuing and delivery of the policy the note payable in six months from its date was barred by the statutes of limitations of Pennsylvania and New York; and at the death of Josephson all of the notes were barred by the statutes of limitations of Pennsylvania, New York, and Massachusetts.

Upon the foregoing facts, the judge ruled that the plaintiffs were entitled to recover the amount of the notes and interest thereon, and found for them in the sum of $1,840.75, being the amount of the proceeds of the policy received by the defendant less his charges and disbursements.

If the plaintiffs are entitled to recover from the proceeds of the policy the amount of the notes, the finding was to be affirmed, and judgment entered thereon; otherwise, such judgment was to be rendered as law and justice might require.

*N. B. Levenson* (of New York), for the claimants.

*B. L. M. Tower*, (*F. A. North* with him,) for the plaintiffs.

HOLMES, J. It is found as a fact that the policy was taken out by the defendant's intestate as security for the three notes on which the plaintiffs now rely in their claim upon its proceeds, and that the plaintiffs are entitled to recover the amount of these notes and interest. These notes still are " subsisting pecuniary demands " within the words of the policy, although they

all are outlawed, as indeed one of them was when the policy was issued to secure it.   As is said in *Campbell* v. *Maple*, 105 Penn. St. 304, 307, the statute of limitations " does not extinguish the debt, nor affect a trust created for its payment, as long as the trust subsists."   See *Champion* v. *Buckingham*, *ante*, 76 ; *Shaw* v. *Silloway*, 145 Mass. 503, 506, 507; *Norton* v. *Palmer*, 142 Mass. 433 ; *Ball* v. *Wyeth*, 8 Allen, 275, 278.

The fact that, in winding up the firm and settling the accounts between the partners, the notes have been set over to the estate of one partner, but without writing, does not deprive the notes of the security.   The demands on the notes remain in form demands of Lane and Townsend, and Lane and Townsend continue to have an interest in getting the amount of them paid, although if paid the sum will be received by them as trustees for one of their number in settlement of his claims against the firm.   It is not necessary to consider more exactly what effect we should give to the word " their " in " their then subsisting pecuniary demands."                    *Judgment on the finding.*