HILL *v.* BUSH.

4-4143

Opinion delivered February 10, 1936.

*Dennis W. Horton, Roy D. Campbell* and *Archer Wheatley,* for appellants.

*J. A. Tellier,* for appellee.

MEHAFFY, J. On December 18, 1918, the Equitable Life Assurance Society of the United States issued its policy of insurance on the life of Thomas R. Hardy in the amount of $1,000. Julia M. Hardy, wife of the said Thomas R. Hardy, was named as beneficiary. Thereafter, in 1919, Thomas R. Hardy and Julia M. Hardy borrowed

$500 from F. P. Hill and assigned to F. P. Hill the policy of insurance to secure the payment of the debt. Afterwards they borrowed other money, so that they were finally indebted to him in an amount equal to or greater than the face of the policy.

In September, 1928, S. M. Bush recovered a judgment in the Woodruff Chancery Court against F. P. Hill in the sum of $2,383.57, with interest at 10 per cent. Hill appealed the case to this court, and on November 18, 1929, the judgment was affirmed by this court.

Thomas R. Hardy died May 14, 1934, leaving surviving him his widow, Julia M. Hardy, who was beneficiary in the policy. On June 8, 1934, Bush filed in the Woodruff Chancery Court allegations and interrogatories. Summons and writ of garnishment were issued and served on the Equitable Life Assurance Society of the United States. On June 30, 1934, the Equitable Life Assurance Society filed answer and cross-complaint. Pleadings were filed by F. P. Hill and Julia M. Hardy, and S. M. Bush filed answer to the intervention of Julia M. Hardy, and response to defendant's motion to discharge garnishment and intervention.

On May 13, 1935, the court entered an order dismissing the garnishment, the garnishee having paid the money in the registry of the court. The insurance company is therefore no longer interested in the litigation, and the controversy is between Bush, who claims he is entitled to the money under the garnishment because of his judgment against Hill; Hill, who claims he is entitled to exemption; and Julia M. Hardy, who claims that she is entitled to the fund. Hill also claimed that he was entitled to the proceeds of the insurance policy.

The following is the agreed statement of facts: "It is stipulated and agreed by and between J. A. Tellier, solicitor for S. M. Bush, plaintiff in the above entitled cause, Roy D. Campbell, solicitor for the defendant, F. P. Hill, and Archer Wheatley, solicitor for Mrs. Julia M. Hardy, intervener herein, that the following facts are true and may be used instead of depositions by the parties in the hearing of this cause.

"(1). That on December 18, 1918, the Equitable Life Assurance Society of the United States issued its policy of insurance No. 2,393,080 on the life of Thomas R. Hardy in the amount of one thousand dollars ($1,000), in which policy Julia M. Hardy, wife of the said Thomas R. Hardy, was named as beneficiary.

"(2). That thereafter on January 10, 1919, Thomas R. Hardy and Julia M. Hardy borrowed the sum of $500 from the defendant, F. P. Hill, and executed their promissory note therefor, payable one year after date. As security for said note, the said Thomas R. Hardy and Julia M. Hardy executed and delivered to F. P. Hill their written assignment of said policy. Said written assignment, with said policy of insurance attached thereto with all indorsements made thereon by the said Equitable Life Assurance Society, was delivered to the said F. P. Hill by the said Thomas B. Hardy and the said Julia M. Hardy, and the said F. P. Hill has been at all times and is now in possession of the same. A copy of said assignment styled 'Duplicate of Absolute Assignment,' dated January 10, 1919, with all indorsements thereon, has heretofore been offered in evidence under stipulation of all the parties hereto, which stipulation is dated February 1, 1935.

"(3). That said assignment has never been canceled on the records of the insurance company or otherwise, but it, together with said policy of insurance, remains in the possession of the defendant, F. P. Hill.

"(4). That nothing was paid on said indebtedness of $500, but as time passed other moneys were procured by the said Thomas R. Hardy and Julia M. Hardy from the said F. P. Hill, portions of which money so procured were used in the payment of the premiums upon said policy in question until May 31, 1926, when there was an indebtedness owing to the defendant, F. P. Hill, in the principal sum of $1,000; that on said date the said Thomas R. Hardy and Julia M. Hardy executed and delivered to the said F. P. Hill a promissory note for $1,000, which note reads as follows:

"'$1,000                    Cotton Plant, Ark., May 31, 1926.

"'Twelve months after date, for value received............ promise to pay to the order of F. P. Hill one thousand and no/100 dollars at their office in Cotton Plant, Arkansas, with interest at 8 per cent. per annum from maturity until paid. The makers and indorsers of this note hereby severally waive presentment for payment, notice of non-payment, and protest. Interest payable annually. Given in settlement of all claims to date.

"'Thomas R. Hardy,

"'Julia M. Hardy.'

"The original of said note is hereto attached, marked Exhibit B, and made a part of this stipulation. No payments have been made on said note since the date the same was executed, and said entire sum is now unpaid. Said note has at all times been in the possession of the defendant, F. P. Hill.

"(5). That premiums were paid on said policy of insurance up to June 18, 1930, when said policy lapsed by reason of nonpayment of the premium which came due on that date; that, in accordance with its terms, said policy of insurance was converted into a paid-up, non-participating term insurance policy in the amount of $1,019 for a period which would expire on August 18, 1940.

"(6). That the said Thomas R. Hardy died on May 14, 1934, and proof of death and claim thereunder was made thereon by Julia M. Hardy and F. P. Hill as assignee, and the Equitable Life Assurance Society has paid into the registry of this court for disbursement to the proper person the proceeds of said insurance in the amount of $1,027.38.

"(7). It is further agreed that the defendant, F. P. Hill, will file his schedule of exemptions in the usual form in support of his claim for exemptions alleged in his motion to dismiss, to which the plaintiff, S. M. Bush, will object and except, and if, after a hearing by the court on the other questions involved in this suit, it should become material to determine whether or not the said F. P. Hill is entitled to his exemptions as claimed, that the

parties will be given additional time in which to adduce testimony relating to the claim of said F. P. Hill for exemptions.''

The assignment referred to in the agreed statement of facts is as follows:

"Form of Absolute Assignment.

"To be Attached to and Retained with the Policy for Use as Evidence When Required.

"For one dollar, to us in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged) hereby assign, transfer and set over all our right, title and interest in policy No. 2,393,080 on the life of Thomas R. Hardy issued by the Equitable Life Assurance Society of the United States, with all money now or hereafter due or payable thereon, and all dividends, options, benefits or advantages derived therefrom, including the right to surrender said policy at any time and to receive receipt for the surrender value thereof, to F. P. Hill, as his interest may appear, whose P. O. address is Cotton Plant, Arkansas, and for the consideration above expressed we do also, for our executors and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above-named assignee, F. P. Hill, executors, administrators and assigns; and his title to the said policy will forever warrant and defend.''

This assignment was signed by Thomas R. Hardy and Julia M. Hardy, and acknowledged before the circuit clerk.

There are but two questions for us to decide: First, was Mrs. Hardy or F. P. Hill entitled to the insurance money, it having been paid into the registry of the court by the insurance company, and the insurance company having been discharged? Second, if Hill is entitled to the proceeds of the insurance policy as against Mrs. Hardy, is he entitled to it as against Bush?

The facts are undisputed. It is conceded that the assignment was made by Thomas R. Hardy and Julia M. Hardy, and the policy delivered to Hill, who had possession of the policy at the time Hardy died, and at the

time Bush began this suit. It is conceded that the debt for which the insurance policy was assigned as security has not been paid, but it is also conceded that action on the note is barred by the statute of limitations. It is the contention of Mrs. Hardy that she is entitled to the proceeds of the policy, and that Hill cannot maintain an action for the proceeds because the debt is barred, and the policy was assigned as security for the payment of the debt.

This suit was brought by Bush, and a writ of garnishment issued against the insurance company on a judgment that Bush had against Hill. Mrs. Hardy intervened. Nothwithstanding the debt is barred, Mrs. Hardy cannot maintain an action for the proceeds of the policy without paying the debt.

"The statute of limitations is a bar to the remedy only, and does not extinguish or even impair the obligation of the debtor. It is available in judicial proceedings only as a defense and can never be asserted as a cause of action in his behalf or for conferring upon him a right of action. * * * It follows from what we have said that the issue as to the debt being barred at the time of the death of Henry was an immaterial issue in this action, and the failure of the court to find on an immaterial issue would not warrant the granting of a new trial. It also follows that the evidence, without conflict, showed that the plaintiff's cause of action herein is not barred." *Puck-haber* v. *Henry*, 152 Cal. 419, 93 Pac. 114, 125 Am. St. Rep. 75.

The court also said in the last-mentioned case: "Whenever a mortgagor seeks a remedy against his mortgagee which appears to the court to be inequitable, the court will deny him the relief he seeks except upon the condition that he shall do that which is consonant with equity. The statute of limitations is a bar to the remedy only, and does not extinguish or even impair the obligation of the debtor. It is available in judicial proceedings only as a defense, and can never be asserted as a cause of action in his behalf."

This court has said: "A pledge is a bailment of goods by a debtor to his creditor to be kept till the debt is

discharged; and a special property in them passes to the creditor, and he may hold them against the pledgor, and, of course, the creditors, who have no better right until redeemed by payment of the debt." *Peet* v. *Burr,* 31 Ark. 34.

"Mrs. Jenkins is not entitled to recover the $960 of Neal if the note upon which it was collected was given to him as collateral security, until she pays the $1,700 note." *Jenkins* v. *Neal,* 52 Ark. 418, 12 S. W. 1015.

Although the debt was barred by the statute of limitations, Mrs. Hardy could not recover the policy or its proceeds without paying the debt. One who has pledged property to secure the payment of a debt will not be permitted in a court of equity to recover the pledge without paying the debt, although the debt may be barred by the statute of limitations.

Where a debt is secured by a pledge, as in the present case, the running of the statute of limitations destroys, of course, the right of recovery on the debt, but has no effect on the right of the pledgee to retain the property until the debt is paid, and to enforce his claim against the property.

Section 7408 of Crawford & Moses' Digest provides that, when the debt is barred, this shall be a sufficient defense in a suit to foreclose or enforce mortgages or deeds of trust. But this has no application where property is pledged and delivered to the pledgee. It does not mention property pledged in this manner. And where the pledgee or creditor held the collateral security before the bar against the original debt, he may continue to hold it after the debt is barred, and the pledgor will not be aided in a court of equity to recover the property without paying the debt. 21 R. C. L. 659, § 23; *New York Life Ins. Co.* v. *Kansas City National Bank,* 12 Mo. App. 479, 97 S. W. 195; *Townsend* v. *Tyndale,* 165 Mass. 293, 43 N. E. 107, 52 Am. St. Rep. 513.

It is contended by Hill that the judgment against him was a debt on contract, and that therefore he is entitled to exemptions under the Constitution. The judgment of Bush against Hill was affirmed by this court November

18, 1929. *Hill* v. *Bush,* 180 Ark. 432, 215 S. W. (2d) 604. That was not a suit on contract. The suit was based on collusion and negligence. A contract is an agrement between two or more parties to do or not to do a certain thing. Whatever duty there is, is imposed by the contract as distinguished from a duty imposed by law, and the suit was therefore a suit *in tort,* and not a suit on contract. *Fordyce* v. *Nix,* 58 Ark. 136, 23 S. W. 967; *Miller* v. *Morton,* 73 Ark. 183, 83 S. W. 918; *Logan* v. *Mo. Valley Bridge & Iron Co.,* 157 Ark. 528, 249 S. W. 21.

Attention is called to act 129 of the Acts of 1925, and act 102 of 1933. Act 102 of 1933 is entitled, "An Act to Extend the Exemption Laws of this State." In the first place, the exemptions allowed citizens of the State are fixed by the Constitution. Moreover, neither of these acts has any application to the question here involved. Act 102 of 1933 provides that moneys paid or payable shall be exempt from liability or seizure under judicial process, etc. But neither of these acts undertakes to deal with property pledged, as in this case. This assignment was executed not only by Hardy, but by Mrs. Hardy, and the assignment expressly provides that the parties assign, transfer and set over all of their right, title and interest in the policy. It also provides the right to surrender the policy at any time and receive receipt for the surrender value thereof to Hill as his interest may appear. They also state that Hill's title to said policy will be warranted and defended by them forever.

It follows from what we have said that Mrs. Hardy is not entitled to claim the policy or its proceeds, and that Hill is not entitled to claim exemptions.

The decree of the chancery court is therefore affirmed.